MATHILDA HUNZIKER, PROSECUTOR, v. CIVIL SERVICE COMMISSION ET AL., DEFENDANTS.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Minturn & Weinberger.*

For the defendants, *John D. Masterton.*

PER CURIAM.

This writ of *certiorari* brings up the determination of the civil service commission sustaining the action of the prosecu-. tor of the pleas of Passaic county in discharging Mathilda Hunziker from her position as telephone operator in his office.

Miss Hunziker was employed in September, 1930, after securing the highest rating on examination by the civil service commission. Her services apparently were entirely satisfactory under the former prosecutor of the pleas and also under the present prosecutor until July, 1931. On July 21st, 1931, she was discharged, when the prosecutor of the pleas notified her in writing that she was suspended on the following charges:

"1. Gross violation of the rules of the office.

"2. Improperly conveying confidential information concerning the routine and activities of the office.

"3. Improperly receiving and distributing mail in violation of office rules."

The testimony appears to establish that there were no written or definite rules of the office. The prosecutor of the pleas says that shortly after he assumed that office in April, 1931, he orally instructed the employes as to the course of conduct that he required them to pursue with relation to matters in the office. He says that he told them that confidential information was not to be disclosed to anyone in the office or outside thereof. He said that he told Miss Hunziker that there had been leaks in the office and that the telephone was an important place to watch to prevent such leaks. He further said that he required that all mail should be brought to him. Miss Hunziker, in her testimony, clearly indicated that the instructions were not as definite and specific as would appear from the testimony of the prosecutor of the pleas.

The testimony would seem to present the following facts: That on July 10th, 1931, a group of detectives were sent out to make some raids in Passaic. Miss Hunziker was at the telephone switchboard, and she testified that, as these men were out of the office, she heard one of them say they were

going to Passaic. This was between nine and ten o'clock in the forenoon. At about four o'clock in the afternoon, one Boyle, a prosecutor's detective, came on duty and asked Miss Hunziker where "all the gang" was. According to her testimony, she replied that they had gone to Passaic on a raid. She said she was not informed of the purpose of the trip to Passaic, but assumed that it was a raid. This was asserted to be such a violation of the "rule of the office" that confidential information must not be divulged to other members of the staff as to make imperative the dismissal of Miss Hunziker.

There can be no doubt that it is highly important that confidential matters coming to the knowledge of persons connected with the office of the prosecutor of the pleas should not be divulged. Advance knowledge of contemplated action would often entirely destroy the efforts to efficiently carry on the work of that office.

In the instant case, however, it does not appear that Miss Hunziker disclosed any confidential matter or that she disclosed any matter that was not, at that time, public property. The raids started about nine o'clock in the morning. The destination was openly stated by one of the raiding party. At four o'clock in the afternoon, when, as a matter of fact, the raids were completed, Miss Hunziker stated to one of the office staff that the force had gone to Passaic on a raid. The prosecutor of the pleas did not charge, and expressly disclaimed charging her with responsibility for any leak in advance of the contemplated action.

The civil service commission found as follows: "From the testimony adduced, I am compelled to say that the appellant apparently has not realized the importance of the position which she occupied with respect to the discussion of confidential action taken by the prosecutor and his staff. Regardless of her own intentions I can do no other than say that she has failed to exercise the discretion which is an absolute requirement in a position of this kind."

The prosecutrix of this writ was charged with gross violation of the rules of the office and with improperly conveying

confidential information. From the record before us, we are bound to conclude that these charges have not been sustained.

The other charge had to do with the receipt of mail and apparently was considered of no importance by the civil service commission. It would appear that four letters were received addressed to Miss Hunziker containing messages directed to the first assistant prosecutor. Miss Hunziker claims that all of these letters were given to the prosecutor of the pleas, who handed back three of them unopened, opening the fourth letter, which contained a message for the assistant prosecutor. No attempt is made to show that the letters were in any mannner improper or that the course pursued embarrassed the administration of public business. The prosecutor testified that he handed the three letters to Miss Hunziker and opened the fourth. So that it appears beyond contradiction that all of the letters were in the hands of the prosecutor of the pleas. There does not appear any concealment of these letters or any impropriety touching their receipt and disposition as would warrant dismissal of Miss Hunziker for her connection therewith.

Both parties hereto concede that the rule is properly stated in *Hart* v. *Duluth,* 53 *Minn.* 238, to be:

"The cause [for dismissal] must be one which specifically relates to and affects the administration of the office, and must be something of a substantial nature directly affecting the rights and interests of the public."

Tested by this rule, we conclude that the record brought up does not sustain the charge of violation of rules in receiving and distributing mail.

The order under review will be set aside, without costs.